**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 17-20668

MARLON MCCALLUM,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Marlon McCallum pleaded guilty to distribution of a controlled substance with a resulting death, 21 U.S.C. § 841(b)(1)(C). (ECF No. 168, PageID.382.) On June 4, 2019, the court sentenced him to seventy-eight months imprisonment. (ECF No. 327, PageID.1689.) His expected date of release is in July 2023. (ECF No. 373, PageID.3290.)

Defendant has filed a "Motion for [C]ompassionate [R]elease." (ECF No. 365.) He argues the health risks presented by the Coronavirus Disease ("COVID-19") while incarcerated at FCI Cumberland justify a reduction in his sentence to time served. The government has filed a response. (ECF No. 373.) The court reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendant's motion will be denied.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and

determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances.[1] Federal Bureau of Prisons, U.S. Department of Justice, *Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019).

---

1  After the passage of the First Step Act in 2018, district courts in the Sixth Circuit remain divided over whether only the BOP Director may determine if a defendant's circumstances fall within the category of "Other Reasons." *Compare United States v. Bolze*, --- F. Supp. 3d ----, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (quoting U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D)) ("[O]nly the 'Director of the Bureau of Prisons' can determine that such 'other reasons' exist."), *with United States v. Young*, --- F. Supp. 3d ----, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020) ("[F]ederal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction.").

In all, a defendant seeking compassionate release must present "extraordinary and compelling" circumstances, must have § 3553(a)'s sentencing factors that weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B1.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13; *see also United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020).

Defendant is thirty-eight years old and comparatively healthy. He asserts that he has hypertension and formerly smoked tobacco. (ECF No. 365, PageID.3057-58.) However, his medical records indicate that he does not have a current diagnosis of hypertension. (ECF No. 373-5, PageID.3338.) Although he told BOP health professionals that he had high blood pressure in the past, (ECF No. 373-6, PageID.3425), Defendant apparently stopped taking medication and was made aware of the need "to watch his salt intake[,] [e]xercise[,] [and] diet." (*Id.*, PageID.3409.)

Defendant does not fall within the "Medical Condition of the Defendant" category in § 1B1.13 of the Sentencing Guidelines. Defendant is not currently "suffering from a terminal illness." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(i). Nor is he "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care . . . and from which he . . . is not expected to recover." *Id.* § 1B1.13 cmt. n.1(A)(ii). There is no indication that Defendant's condition is deteriorating or that he is in a critical state. Even if Defendant has hypertension, it is common and treatable. Hypertension affects "[n]early half of adults in the United States . . . or 45%." *Facts About Hypertension*, Centers for Disease Control and Prevention, https://www.cdc.gov/bloodpressure/facts.htm (last visited Oct. 20, 2020). With proper

monitoring, the condition can be successfully treated and controlled. *See High Blood Pressure (Hypertension)*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/high-blood-pressure/diagnosis-treatment/drc-20373417 (last visited Oct. 20, 2020) ("Changing your lifestyle can go a long way toward controlling high blood pressure."); *Prevent and Manage High Blood Pressure*, Centers for Disease Control and Prevention, https://www.cdc.gov/bloodpressure/prevent_manage.htm (last visited Oct. 20, 2020) ("Whatever your age, you can take steps each day to keep your blood pressure in a healthy range."). Defendant was made aware that reducing sodium intake, maintaining a healthy diet, and exercising can work to reduce the health risks of high blood pressure. (ECF No. 373-6, PageID.3409.) His current medical state does not satisfy the Sentencing Commission's policy statement. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii).

  Defendant's circumstances are also not "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in this district has described the requirements of "extraordinary" in the context of compassionate release "as beyond what is usual, customary, regular, or common," and a "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.).

Defendant's medical condition is not unusual, extreme, or untreatable, 18 U.S.C. § 3582(c)(1)(A), and the outbreak of COVID-19 does not alter the court's analysis. Defendant's location of confinement, FCI Cumberland, has zero active cases, although seven inmates and six staff have successfully recovered from the disease. *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 20, 2020). FCI Cumberland houses 1,069 prisoners. *FCI Cumberland*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 20, 2020).

The BOP has taken countermeasures to mitigate the spread of COVID-19. For instance, all newly arriving inmates are tested and placed in quarantine. *BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Oct. 20, 2020). Prisoners cannot leave quarantine until they test negative. *Id.* Symptomatic inmates are isolated, tested, and treated. *Id.*; Federal Bureau of Prisons, U.S. Department of Justice, *Correcting Myths and Misinformation About BOP and COVID-19* (2020).

Further, the court does not know the quality of healthcare Defendant would have access to if released. He would still be at risk of contracting COVID-19, and he has a history of serious drug abuse. (*See* ECF No. 373, PageID.3306.) At FCI Cumberland, Defendant is separated from drugs, and receives regular monitoring and treatment. (*See* ECF No. 373-5, PageID.3331.) Thus, compassionate release is not justified. 18 U.S.C. § 3582(c)(1)(A). Accordingly,

5

IT IS ORDERED that Defendant's "Motion for [C]ompassionate [R]elease" (ECF No. 365) is DENIED.

                                        s/Robert H. Cleland              /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  October 26, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 26, 2020, by electronic and/or ordinary mail.

                                        s/Lisa Wagner                 /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-20668.MCCALLUM.MotionforCompassionateRelease.RMK.docx