**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                  Case No. 17-20668

D-13, MARLON MCCALLUM,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS
TO VACATE AND REDUCE SENTENCE AND DECLINING TO
ISSUE A CERTIFICATE OF APPEALLABILITY**

Before the Court are Defendant Marlon McCallum's motion to vacate sentence under 28 U.S.C. § 2255 (ECF No. 383.) Also pending is Defendant's Motion for Sentence Reduction (ECF No. 382), which raises similar attacks on the conviction and thus is also a § 2255 motion. *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007); *United States v. James,* No. 13-20669, 2021 WL 2012783, at *3 (E.D. Mich. May 20, 2021) (Cleland, J.) Because *pro se* parties, like Defendant, enjoy the benefit of a generous construction of their pleadings and filings, instead of deeming the two motions as successive, the court will review them together as one § 2255 motion.

Having reviewed the record, the court finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed below, Defendant's motions, reviewed together as one § 2255 motion, are denied.

## I.  BACKGROUND

On March 16, 2018, Defendant pleaded guilty to distribution of a controlled substance with a resulting death, 21 U.S.C. § 841(b)(1)(C).

At the beginning of the plea hearing, the court cautioned Defendant about the importance of being truthful or otherwise being subject to perjury prosecution, which Defendant acknowledged he understood. (ECF No. 388, PageID.3557.)

Before Defendant accepted his guilty plea, he attested to the following:

- Defendant had fully discussed the case with his attorney and was confident that his attorney not only understood the situation, but also had given explanations, advice, and answers as clearly and completely as needed to be done. (*Id.,* at PageID.3559-60.)

- With time to spare, Defendant's counsel explained the plea agreement to Defendant, made sure he understood its significance, answered his questions, and overall, properly prepared Defendant for a guilty plea decision. (*Id.*, at PageID.3573-74, 3576).

- Defendant understood the crime to which he would plead guilty – distribution of a controlled substance resulting in death – and the necessary predicate facts for a conviction thereof, including intentional distribution of drugs. (*Id.* at PageID.3560, 3564-65.)

- Defendant understood he was solely responsible for pleading guilty, and his attorney could not, and did not, force him to do so. (*Id.* at PageID.3559-60.)

- No one forced, threatened, or otherwise acted improperly, to get him to plead guilty, and he had been treated fairly. (*Id.* at PageID.3575-76.)

- Defendant understood the plea offer, had ample time to think about it, and "want[ed] to live by the terms of th[e] agreement." (*Id.* at PageID.3573-74.)

Defendant then pled guilty and admitted to committing the acts leading to his charge, including that he "distributed [the heroin], transferred it, in other words, gave it or sold it to an individual identified specifically in the [plea] agreement." (*Id.* at PageID.3576-78.)

## II.  STANDARD

Title 28 U.S.C. § 2255 allows federal prisoners to challenge their sentence. The prisoner must show that his or her "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Sixth Circuit has clarified that § 2255 provides three bases for relief: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Defendant bears the burden of proving his claim by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003)). He must come forward with verifiable allegations of fact sufficient to support an entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959). Mere legal conclusions are inadequate. *O'Malley*, 285 F.2d at 735; *Loum*, 262 F.2d at 867. A defendant is not entitled to relief when "allegations cannot be accepted as true because they are

contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III. DISCUSSION

Defendant asserts two grounds in his motion. First, Defendant alleges that his attorney provided ineffective assistance of counsel when he advised Defendant to plead guilty to a drug delivery offense even though he only engaged in the sharing of a controlled substance for personal use. (ECF No. 383, PageID.3528.) Second, Defendant claims that his due process rights were violated because he did not knowingly and intelligently accept a guilty plea to distribution of a controlled substance. (*Id.*, PageID.3529.) As explained below, both claims fail.[1]

### A. Ineffective Assistance of Counsel

Ineffective assistance of counsel, in violation of the Sixth Amendment's right to counsel, is a valid basis for suit under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Such a claim falls into the first § 2255 category, errors of constitutional magnitude. *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011) (citing *Pough*, 442 F.3d at 964; *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). To prevail on a claim for ineffective assistance of counsel, the prisoner-defendant "must show that

---

[1]     Defendant's motion is ostensibly barred by the one-year statute of limitation of 28 U.S.C. § 2255(f), Because Defendant did not file an appeal, his conviction became final on June 20, 2019 – 14 days after the June 6, 2019 Judgment (ECF No. 327), when the time period expired to file an appeal. Fed. R. App. P. 4(b)(1)(A); *Harris v. United States*, 686 Fed. Appx. 345, 347 (6th Cir. 2017) (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). The statute of limitations began to run the next day and expired on June 21, 2020. Petitioner's motion was not placed in the prison mailing system until over a year later. (ECF No. 383, PageID.3536.)

counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

For counsel to be "deficient," representation must "[fall] below an objective standard of reasonableness." *Id.* at 688. "[T]rial counsel's tactical decisions are particularly difficult to attack." *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (quoting *Strickland*, 466 U.S. at 689-90).

To show that an attorney's performance "prejudiced the defense," "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Hall v. Vasbinder*, 563 F.3d 222, 237 (6th Cir. 2009).

Defendant has failed to demonstrate either deficient performance or prejudice. Defendant claims that his counsel failed to advise him that he could not have been found guilty of "distribution" or "transfer" of controlled substance under the 21 U.S.C. § 841. But Defendant's self-serving assertion that he only shared drugs with the victim for personal use belies the record and does not establish that the drugs were not for distribution. *See United States v. Washington,* 41 F.3d 917, 919 (4th Cir.1994) ("Sharing drugs with another constitutes 'distribution' under § 841(a)(1)."); *see also United States v. Layne,* 192 F.3d 556, 569 (6th Cir.1999) (adopting *Washington* in relevant part);

*United States v. Vincent*, 20 F.3d 229, 233 (6th Cir. 1994) (saying that to prove a charge of intentional distribution of controlled substance, "[i]t was irrelevant for the government to also show that defendant was paid for the delivery"), *cf. United States v. Travis*, 201 F.3d 442 (6th Cir. 1999) (saying "payment of money is not essential to showing of intentional distribution"); *Anderson v. United States*, 246 F. Supp. 2d 758, 763 (E.D. Mich. 2003) (Gadola, J.) (rejecting argument "that trial counsel was ineffective in not objecting to testimony that "two people sharing drugs with each other would constitute distribution" because "the Sixth Circuit found, contrary to [the defendant's] belief, that sharing drugs does constitute *distribution*") (emphasis in original) (citing *Layne*, 192 F.3d at 569)). Even if Defendant did not sell the controlled substance, his action of distributing or transferring it, to which he admitted under oath, constitutes distribution under § 841(a)(1).

Accordingly, Defendant cannot show deficient performance or prejudice based on counsel's purported advice concerning his no distribution assertion. His claim for ineffective assistance fails.

## B.  Validity of Guilty Plea

Defendant's challenge to the validity of his guilty plea is procedurally defaulted, because it was not raised in a direct appeal. "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998).

A defendant may only raise a procedurally defaulted claim in a collateral attack if he can demonstrate cause and actual prejudice or that he is "actually innocent." *Id.* Defendant has not asserted any cause and prejudice for his failure to do so. To the

extent Defendant is claiming "actual innocence," he merely contends that the act of sharing drugs with the deceased victim could not be legally sufficient to meet the element of "distribution," not that he is factually innocent of doing so. *Id.* at 623 (holding that the "actual innocence" standard requires a finding of factual innocence, not mere legal insufficiency). As indicated above, Defendant's assertion that he did not sell drugs does not demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" for distribution of a controlled substance. *Id.* at 623 (quotation marks and citation omitted).

Even if Defendant's claim were not defaulted, it would be denied for lack of merit. To be knowing and voluntary, Defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion, Corr. Inst.,* 927 F.2d 256, 257 (6th Cir.1991). In this case, Defendant's sworn testimony clearly indicates that: (1) his plea was voluntary, (2) the elements of the crime were met, (3) Defendant was fully aware of his actions and the consequences of his action, and (4) Defendant was aware of the maximum penalties for the charged offense (ECF No. 388, PageID.3565-66, 3568, 3571-73.). Additionally, the court advised Defendant of his rights under the plea agreement and consequences of accepting a plea. (*Id.*, PageID.3560-64.) "To allow indiscriminate hearings in federal post-conviction proceedings . . . for federal prisoners under 28 U.S.C. § 2255 . . . would eliminate the chief virtues of the plea system-speed, economy, and finality." *Blackledge v. Allison,* 431 U.S. 63 (1977).

### C.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA

may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Defendant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)). In this case, the court concludes that reasonable jurists would not debate the court's ruling. Therefore, the court will decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B), (2).

## IV. CONCLUSION

IT IS ORDERED that Defendant's Motion to Vacate Sentence (ECF No. 383) and Motion to Reduce Sentence (ECF No. 382), construed together as a single § 2255 motion, are DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a Certificate of Appealability.

> s/Robert H. Cleland      /
> ROBERT H. CLELAND
> UNITED STATES DISTRICT JUDGE

Dated: December 21, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 21, 2022, by electronic and/or ordinary mail.

> s/Lisa Wagner   /
> Case Manager and Deputy Clerk
> (810) 292-6522

S:\Cleland\Cleland\NTH\Criminal\17-20668.MCCALLUM.2255Motion.NH.v2.docx